**A HELPING HAND, LLC**

v.

**BALTIMORE COUNTY,**
**Maryland, et al.**

No. CIV.A. CCB–02–2568.

United States District Court,
D. Maryland.

Jan. 20, 2004.

Emanuel M. Levin, Levin and Associates, PA, Joel C. Richmond, Law Office of Joel C. Richmond, Baltimore, MD, for Plaintiff.

John Edward Beverungen, Baltimore County Law Department, Edward J. Gilliss, Jeffrey Grant Cook, Baltimore County Office of Law, Towson, MD, for Defendants.

### MEMORANDUM

BLAKE, District Judge.

A Helping Hand, LLC, the plaintiff in this disability discrimination case, has petitioned the court to reconsider its ruling on December 17, 2003 (docket nos. 24–25) that members of the County Council of Baltimore County, Maryland may assert a testimonial privilege with respect to their motivations in passing Bill No. 39–02, a zoning ordinance that Helping Hand contends is discriminatory.[1] Helping Hand argues that the councilors are not entitled to this immunity because the ordinance in question was a bill of attainder prohibited by Article I, section 9 of the United States Constitution. (Docket No. 26.) The defendants have filed an opposition. (Docket No. 27.) For purposes of the analysis, I will assume without deciding that Helping Hand is correct that no legislative immunity applies when a local legislature passes a bill of attainder.[2] Even making that assumption, Helping

---

1. The facts of the case are summarized in the court's earlier opinion (docket no. 24).

2. Helping Hand's only authority for this proposition is *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). That case makes no mention of legislative immunity, but rather discusses the circumstances in which legislative intention bears on a statute's constitutionality. *See id.* at 383 & n. 30, 88 S.Ct. 1673. While it is true, as will be discussed below, that legislative intention is relevant under the Bill of Attainder Clause, the analysis of legislative intent focuses on the legislative history, not individualized depositions of legislators such as Helping Hand seeks. *See, e.g., Nixon v. Admin'r of Gen. Servs.*, 433 U.S. 425, 478–84, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); *Selective Serv. Sys. v. Minn. Pub. Interest Research Group*, 468 U.S. 841, 855–56, 104 S.Ct. 3348, 82 L.Ed.2d 632 (1984). Indeed, in the Supreme Court's words, the relevant question is "whether the *legislative record* evinces a congressional intent to punish." *Nixon*, 433 U.S. at 478, 97 S.Ct. 2777 (emphasis added).

Hand's argument fails because the ordinance at issue is not a bill of attainder.[3]

 The purpose of the Bill of Attainder Clause is "to prohibit the ancient practice of the Parliament in England of punishing without trial 'specifically designated persons or groups.'" *Selective Serv. Sys. v. Minn. Pub. Interest Research Group,* 468 U.S. 841, 847, 104 S.Ct. 3348, 82 L.Ed.2d 632 (1984) (quoting *United States v. Brown,* 381 U.S. 437, 447, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965)). Accordingly, a law constitutes an unconstitutional bill of attainder if it satisfies three criteria: (1) it must specify the affected persons; (2) it must be punitive; and (3) it must fail to provide for the protections of a judicial trial. *See Minn. PIRG,* 468 U.S. at 846–47, 104 S.Ct. 3348. The ordinance at issue here fails to satisfy the first two requirements, if not also the third.[4]

 First, the ordinance is not impermissibly specific. While some provisions of Bill No. 39–02 appear to affect only Helping Hand,[5] the ordinance is a law of general applicability: it imposes zoning requirements on methadone clinics and other "state-licensed medical clinics." Thus, "[f]ar from attaching to past and ineradicable actions, ineligibility for ... benefits [under the ordinance] is made to turn upon

continuingly contemporaneous fact," namely, whether the clinic's location meets the ordinance's criteria for a zoning permit. *Minn. PIRG,* 468 U.S. at 851, 104 S.Ct. 3348 (internal quotations and alterations omitted). Accordingly, the ordinance is not a bill of attainder even if some of its provisions, as a practical matter, affect only a single entity. *See, e.g., Nixon v. Admin'r of Gen. Servs.,* 433 U.S. 425, 469, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977) (upholding a statutory provision that applied exclusively to a single individual, President Nixon); *WMX Techs., Inc. v. Gasconade County,* 105 F.3d 1195, 1201–02 (8th Cir. 1997) (rejecting a challenge to an ordinance that "regulates certain activities which can pose serious hazards to the public welfare" but applied in practice to only a single entity); *219 S. Atlantic Blvd. Inc. v. City of Fort Lauderdale,* 239 F.Supp.2d 1265, 1275 (S.D.Fla.2002) (rejecting the plaintiff's argument that it was singled out by an ordinance that " 'defines restaurant in a highly detailed and absurd manner, which is only fashioned to exclude Plaintiff' ") (quoting plaintiff's brief); *Cathy's Tap, Inc. v. Vill. of Mapleton,* 65 F.Supp.2d 874, 880–82 (C.D.Ill.1999) (rejecting a challenge to an ordinance that employed general terms but in fact applied

---

**3.** It is also an open question whether the Bill of Attainder Clause applies to corporations such as Helping Hand. *See SBC Communications, Inc. v. FCC,* 154 F.3d 226, 234 & n. 11 (5th Cir.1998). Because the Fifth Circuit recently suggested that it does, *see id.* at 234 n. 11, I will again assume without deciding that Helping Hand has standing to raise this issue.

**4.** The defendants argue that the ordinance also fails the third requirement because Helping Hand could challenge the ordinance both administratively and judicially, as it has done by filing this lawsuit. While the ordinance's failure to satisfy the first two requirements makes it unnecessary to reach this issue, I note that *Minnesota PIRG* rejected the argument that an administrative hearing could

satisfy the trial requirement. *See* 468 U.S. at 847 n. 3, 104 S.Ct. 3348. As for the effect of this lawsuit, it bears mention that the form of judicial proceeding contemplated by the Bill of Attainder Clause is a trial preceding the allocation of punishment, not an after-the-fact challenge to the legality of the law under which punishment was assigned.

**5.** The ordinance imposes new zoning restrictions as of April 16, 2002 and exempts entities in operation before April 1, 2002, but grants only a six-month exemption to entities that began operation between April 1 and April 16. (*See* Pl.'s Mot. at 2.) Helping Hand asserts that it is the only covered entity that began operation during that period.

only to a single business); *Recreational Devs. of Phoenix, Inc. v. City of Phoenix*, 83 F.Supp.2d 1072, 1098 (D.Ariz.1999) (rejecting a challenge to an ordinance allegedly drafted in response to the plaintiffs' activities because "the ordinance is merely a generally applicable law proscribing a specified type of conduct" and "does not mention Plaintiffs by name, nor ... limit its application to Plaintiffs or deny them the opportunity to conform their conduct to the new ordinance"), *aff'd*, 238 F.3d 430, 2000 WL 1387443 (9th Cir.2000).

█ In addition, the ordinance is not punitive. Determining whether a law imposes punishment under the Bill of Attainder Clause requires three separate inquiries:

> (1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, "viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes"; and (3) whether the legislative record "evinces a [legislative] intent to punish."

*Minn. PIRG*, 468 U.S. at 852, 104 S.Ct. 3348 (quoting *Nixon*, 433 U.S. at 473, 97 S.Ct. 2777). A mere restriction on zoning benefits, Bill No. 39–02 inflicts nothing approaching the penalties "historically associated with punishment," namely, imprisonment, banishment, confiscation, and death. *Id.* at 853, 104 S.Ct. 3348 (noting that "the mere denial of a noncontractual governmental benefit" is not punishment in the historical sense) (citing *Flemming v. Nestor*, 363 U.S. 603, 616 & n. 9, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)). Nor is "the sanction or disability that [the ordinance] imposes so punitive in fact that the law may not legitimately be viewed as civil in

nature." *United States v. O'Neal*, 180 F.3d 115, 122 (4th Cir.1999).[6] To the contrary, as a restriction on the location of purportedly hazardous medical facilities, the law relates to a prospective regulatory purpose—whether or not that purpose is legitimate under disability rights law. *See, e.g., id.* at 122–23 (holding that a ban on firearms possession was not punitive because it was "a measured public safety provision whose applicability to those previously convicted of felonies is eminently reasonable"); *SBC Communications, Inc. v. FCC*, 154 F.3d 226, 243 (5th Cir.1998) (upholding regulations that mentioned the plaintiff by name but that served the "nonpunitive purpose" of ensuring fair competition in local telecommunications markets); *WMX Techs.*, 105 F.3d at 1202–03 (upholding garbage disposal regulations affecting only a single entity because they furthered nonpunitive public welfare goals). Finally, while the County Council's motivation may have been improper under the Americans with Disabilities Act, there is no evidence that it was punitive, considering, once again, that the law aimed to regulate future activity rather than penalize past actions. *See, e.g., Ambassador Books & Video, Inc. v. City of Little Rock*, 20 F.3d 858, 865 (8th Cir.1994) (holding that "restrictions in [an] ordinance on the areas in which sexually oriented businesses may operate" were not punitive because "they were imposed not to punish the operators of those businesses for their past conduct, but to protect the citizens from the adverse secondary effects those businesses have on the quality of life in the areas where they operate"). Thus, the ordinance satisfies none of the three definitions of punishment required to find a bill

---

**6.** While *O'Neal* dealt with an ex post facto challenge rather than a bill of attainder, the opinion noted that "the same test for 'punish-

ment'" applied under both doctrines. 180 F.3d at 122 n. 7.

of attainder, and Helping Hand's motion will be denied.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. the defendants' Motion for Reconsideration (docket no. 26) will be **DENIED**; and

2. copies of this Order and the accompanying Memorandum shall be sent to counsel of record.